UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO 1:12-CV-82

PEGGY CAMPBELL,
d/b/a STEAMBOAT SALVAGE,                                              PLAINTIFF

v.

CAPITAL ONE, N.A., CORPORATION
d/b/a CAPITAL ONE                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Partial Dismissal (DN 7). Plaintiff has filed her response (DN 9), and Defendant has replied (DN 11). These matters are now ripe for adjudication. For the following reasons, Defendant's Motion for Partial Dismissal (DN 7) is GRANTED. Further, a telephonic scheduling conference is set for October 31, 2012.

### BACKGROUND

Plaintiff Peggy Campbell ("Campbell") is the owner and operator of Steamboat Salvage in Bowling Green, Kentucky. Campbell maintains the banking accounts for her business at South Central Bank. Campbell alleges that between June 2009 and January 2012, defendant Capital One withdrew more than $86,000 from her business accounts without her permission or authorization. Campbell does not currently, nor has she ever, used a Capital One credit card or had a banking relationship with Capital One.

Campbell asserts claims under the Kentucky Consumer Protection Act ("KCPA") and theories of fraud, negligence or gross negligence, and breach of contract. She seeks reimbursement for the amounts wrongfully withdrawn from her accounts and the resulting overdraft charges, with interest. She also seeks damages for lost business opportunities and

intentional infliction of emotional distress, attorney's fees, and punitive damages. In its motion, Capital One asks the Court to dismiss Campbell's KCPA and fraud claims. Capital One contends that Campbell lacks standing under the KCPA and that Campbell has failed to meet the minimum pleading requirements for fraud.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## ANALYSIS

**I.      Kentucky Consumer Protection Act**

Campbell alleges Capital One's actions entitle her to damages under the Kentucky Consumer Protection Act ("KPCA"), which prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." K.R.S. § 367.170(1). Capital One urges this Court to dismiss Campbell's KCPA claims because there is no privity of contract between the two parties. In her response, Campbell concedes that she does not hold a Capital One credit card, but that "there would be no reason for Capital One to withdraw funds from her account unless it believed it had extended credit to her or on her behalf, for which it was seeking repayment." (Pl.'s Resp. DN 9, p. 2). Campbell does not argue that privity exists between the parties, rather that privity of contract is not always required under the KPCA.

To maintain an action alleging a violation of the KPCA, an individual must fit within the protected class of persons, which includes "any person who *purchases or leases* goods or services primarily for personal, family or household purposes." K.R.S. § 367.220 (emphasis added); *see also Skilcraft Sheetmetal, Inc. v. Kentucky Mach., Inc.*, 836 S.W.2d 907 (Ky. Ct. App. 1992). Therefore, as general rule, there must be privity of contract between the parties in a suit where a violation of the KCPA is alleged. *See id.* at 909 ("The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the [Kentucky] Consumer Protection Act"); *Tallon v. Lloyd & McDaniel*, 497 F. Supp.2d 847, 854-55 (W.D. Ky. 2007) (holding a plaintiff lacked standing under KCPA where defendant was "several steps removed from privity of contract with the [plaintiff]"); *Brewer v. Portfolio Recovery Associates*, No. 1:07-cv-113-M, 2007 WL 3025077 (Oct. 15, 2007) (granting motion to dismiss on KCPA

claims where plaintiff failed to allege a qualifying purchase or privity of contract with defendant).

Campbell's argument that privity of contract is not required for standing under the KCPA relies on two cases. First, in *Craig & Bishop, Inc v. Piles*, a defendant argued on appeal that because a jury had found that there was no enforceable contract between the parties, the plaintiffs were not entitled to protection under the KCPA. 247 S.W.3d 897 (Ky. 2008). The state supreme court noted that "the absence of a finding of a valid contract is not fatal to a [KCPA] claim" and upheld the court of appeals' finding that the plaintiffs were purchasers under the KCPA. *Id.* at 903-04. As the Kentucky Court of Appeals had noted, "the parties negotiated the purchase of the vehicle as buyers and seller" and "[t]o deny [plaintiffs] a remedy simply because the jury found that there was no enforceable contract would frustrate the Act's purpose to afford the consuming public protection against unscrupulous business practices." *Craig & Bishop, Inc. v. Piles*, 2004-CA-001883-MR, 2005 WL 3078860 (Ky. Ct. App. Nov. 18, 2005) *rev'd on other grounds,* 247 S.W.3d 897 (Ky. 2008).

*Piles* is distinguishable. Campbell admits that she is not a credit card holder with Capital One and alleges no facts that suggest she and Capital One engaged in any sort of negotiation. Although Campbell correctly points out that Capital One engages in trade or commerce, she does not allege any facts that, if true, would show *she* qualifies as a purchaser under the act, which is a prerequisite for standing under the KCPA. *See Piles*, 247 S.W.3d at 903-04.

Secondly, Campbell calls attention to this district's decision in *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776 (W.D. Ky. 2003), which found that a plaintiff had standing under the KCPA where a bank had issued a credit card to an impostor in the plaintiff's name, the plaintiff was denied financing because the impostor was delinquent on the credit card, and the defendant

repeatedly attempted to collect on the delinquent account, despite the plaintiff's continued complaints about the fraud. *Stafford*, 262 F. Supp. 2d at 779-81. There, the court found that the sale of credit was a "service" within the meaning of the KCPA, and that the KCPA's strict privity requirement was waived where "for all practical purposes [a plaintiff] was treated [as a purchaser]." *Id.* at 792-93.

In her complaint, Campbell does not allege that Capital One issued a credit card in her name, nor does she allege any interaction with Capital One other than the withdrawal of funds from her account. In her response to defendant's motion, Plaintiff speculates that Capital One believed it had extended credit to her, because there would be no other reason for Capital One to withdraw funds from her account. However, Campbell alleges no facts to support this suspicion, nor does she allege facts that, if true, would show she was "for all practical purposes" treated as a purchaser by Capital One. Therefore, *Stafford*'s limited exception to the privity requirement does not apply. Because Campbell does not have standing to sue under the act, her KCPA claim should be dismissed.

**II.    Fraud**

Campbell also alleges that Capital One's withdrawals from her account without her consent constitute fraud. Capital One argues Campbell's fraud claim should be dismissed because she has failed to plead the elements of fraud with particularity in violation of Rule 9(b) of the Federal Rules of Civil Procedure.

Federal Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive

5

pleading." *Heavrin v. Boeing Capital Corp.*, 246 F. Supp. 2d 728, 732 (W.D. Ky. 2003) (quoting *Michaels Bldg. Co. v. Ameritrust Co, N.A.*, 848 F.2d 674 (6th Cir. 1988). The Sixth Circuit construes Rule 9(b) liberally; however, a plaintiff alleging fraud must include, at minimum, the "time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir. 1993) (internal citations omitted).

The elements of fraud under Kentucky law are: a) material representation, b) which is false, c) known to be false or made recklessly, d) made with inducement to be acted upon, e) acted in reliance thereon, and f) causing injury. *United Parcel Serv. Co. v. Rickert,* 996 S.W.2d 464, 468 (Ky. 1999) (citing *Wahba v. Don Corlett Motors, Inc.,* 573 S.W.2d 357, 359 (Ky. 1978)). In her complaint, Campbell alleges that between June 2009 and June 2010, Capital One withdrew $21,701.31 from her bank account, and that between June 2010 and January 2012, it withdrew $64,440.00. Campbell further alleges that neither she nor an agent authorized the withdrawals, and that Capital One "knew or should have known" that it was not authorized to make the withdrawals. Finally, Campbell alleges she was injured in that Capital One refuses to reimburse her, she was charged overdraft fees, and lost business opportunities as a result of the unauthorized withdrawals.

Although Campbell has specifically pled her injury and Capital One's fraudulent intent, she fails to point to any misrepresentation by Capital One that led to the injury. Because Campbell has failed to include the "content of the alleged misrepresentation," a key element of fraud under Kentucky law, her claim should be dismissed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendant's Motion for Partial Dismissal of Plaintiff's KPCA and fraud claims (DN 7) is GRANTED.

(2) Further, a **telephonic scheduling conference is set for October 31, 2012, at 10:45 a.m., CST**. The Court shall initiate the call.

CC: Counsel